UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRYN PARKER,

      Petitioner,

v.                                           25-CV-6330-MAV
                                             ORDER
UNITED STATES OF AMERICA

      Respondent.

---

## INTRODUCTION

The *pro se* petitioner, Tryn Parker, is a federal pretrial detainee confined at the Monroe County Jail. He is charged by criminal complaint in *United States v. Poole, III, et al.,* Case No. 6:25-mj-04034-CDH, a prosecution that remains ongoing. In this action, the Court dismissed Parker's petition for a writ of habeas corpus under 28 U.S.C. § 2241 that challenged his pretrial detention and the constitutionality of the charges pending against him in the parallel criminal proceeding. ECF No. 1.

After filing a Notice of Appeal from the Order dismissing the petition, ECF No. 7, Parker filed an amended petition, ECF No. 9, which the Court construes as a motion for reconsideration. For the reasons that follow, the motion for reconsideration is denied.

## BACKGROUND

By Order dated July 22, 2025, the Court dismissed the petition, explaining that "where a defendant is awaiting trial, the appropriate vehicle for violations of his

constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." ECF No. 5 at 3 (quoting *United States v. Shine*, 17-CR-0028(FPG)(JJM), 2018 WL 4627137, at *3 (W.D.N.Y. Apr. 9, 2018) (citation modified), *report and recommendation adopted*, 2018 WL 3737877 (W.D.N.Y. Aug. 7, 2018)). The Court noted that the Supreme Court and other courts have "suggested that pretrial habeas relief might be available to a federal defendant in 'exceptional circumstances.'" ECF No. 5 at 3 n.2 (quoting *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 n.2 (3d Cir. 2018)).

Parker timely filed a Notice of Appeal from the Court's July 22, 2025 Order, ECF No. 7, and days later, on August 8, 2025, filed an amended petition, ECF No. 9, which the Court construes as a motion for reconsideration. In that motion, Parker attempts to demonstrate exceptional circumstances to warrant consideration of the petition. In particular, he points to his "illegal arrest" and the "fabricated connection [between him] and the evidence." ECF No. 9 at 1. Parker argues that he was "framed" and "committed no crime . . . whatsoever[.]" *Id.* at 10.

Parker's federal criminal prosecution remains ongoing. On August 18, 2025, he filed a motion to dismiss the criminal complaint, which remains pending. Case No. 6:25-mj-04034-CDH, ECF No. 42. Among the arguments raised in that motion, Parker argues—as he does in the motion for reconsideration in this action—that law enforcement "fabricate[d] a connection [between him] and the contraband . . . evidence." *Id.* at 5.

2

Since the Court's July 22, 2025 Order dismissing the petition, Parker has also been granted leave to appeal to the United States Court of Appeals for the Second Circuit from the decision affirming Judge Holland's Order of Detention, and his Notice of Appeal has been filed. *See* 6:25-mr-06061-MAV-1, ECF Nos. 14, 15.

## DISCUSSION

"[N]one of the habeas provisions, including § 2241, or their special rules has a rule governing procedure for reconsideration of decisions." *Toolasprashad v. Tryon*, No. 12CV734, 2013 WL 1560176, at *2 (W.D.N.Y. Apr. 11, 2013). Courts instead "have borrowed the Federal Rules of Civil Procedure for reconsideration motions[.]" *Id.* (citing cases). The Court liberally construes the amended petition as a motion for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. *See Hill v. Washburn*, No. 08-CV-6285-CJS, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) ("Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989))).

"Normally the filing of a notice of appeal would divest this Court of jurisdiction, but a timely motion under Rule 59(e) or Rule 60(b) typically means that any subsequent notice of appeal does not become effective until the order disposing of the motion under Rule 59(e) or Rule 60(b) is entered[.]" *Shomo v. Eckert*, 755 F. Supp. 3d 344, 347 (W.D.N.Y. 2024) (internal citations omitted). "This principle has been

extended to Rule 59(e) and Rule 60(b) motions filed after an appeal has been taken."
*Id.* (citing cases).[1]

"Under Rule 59(e), a party who moves to alter or amend a judgment must demonstrate that the Court overlooked 'controlling law or factual matters' that had been previously put before it." *Milchamot v. Bronx Dist. Attorney's Off.*, No. 24-CV-9101 (LTS), 2025 WL 1657294, at *1 (S.D.N.Y. May 5, 2025) (quoting *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009)). "Such motions are granted a short leash, to avoid the prospect of repetitively rehashing issues that have already been decided—and expending scarce judicial resources in the process." *Carter-Mitchell v. Hastings*, No. 12 CIV. 4168 (GBD) (VF), 2023 WL 6929283, at *1 (S.D.N.Y. Oct. 19, 2023), *appeal dismissed* (Apr. 8, 2024).

A party may seek relief from a district court's order or judgment under Rule 60(b), for the following reasons:

> mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). This too is a demanding standard. "Courts 'require[ ] a movant seeking relief under Rule 60(b)(6) to show extraordinary circumstances justifying the

---

[1] The Court could also "address the pending motion by issuing an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1." *Shomo,* 755 F. Supp. 3d at 347.

reopening of a final judgment.'" *Carter-Mitchell*, 2023 WL 6929283, at *2 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). *See also Jones v. Caputo*, No. 22-CV-2041 (LTS), 2022 WL 1239588, at *2 (S.D.N.Y. Apr. 27, 2022) ("Where a petitioner challenges the denial of a habeas corpus petition in a motion brought under Rule 60(b), 'relief is available only when the Rule 60(b) motion attacks the integrity of the habeas proceeding rather than the underlying criminal conviction.'" (alterations omitted) (quoting *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004))).

Parker's motion fails under either standard. As explained in the Court's July 22, 2025 Order, "[c]ourts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial." *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018). "Instead, [c]ourts have long stressed that defendants should pursue the remedies available within the criminal action." *Id.* (citing, *inter alia, Jones v. Perkins*, 245 U.S. 390, 391 (1918)) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").

"Unsurprisingly, what 'rare and exceptional' circumstances could permit a federal detainee to be released under § 2241 during an ongoing criminal case 'are so rare that they have apparently not yet arisen.'" *Oster v. United States*, 763 F. Supp. 3d 935, 941 (C.D. Cal. 2025) *aff'd*, No. 25-1028, 2025 WL 1783702 (9th Cir. May 23, 2025) (quoting *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017)).

Parker has a pending motion in his criminal proceeding rooted in the same arguments he seeks to advance in his habeas petition. Under these circumstances, he has not alleged any rare or exceptional circumstance to deviate from the requirement that he must exhaust his remedies in his pending criminal case before challenging the legality of his custody in a habeas corpus proceeding. *See Heggins v. Hash*, No. 7:24-CV-00627, 2024 WL 4203357, at *1 (W.D. Va. Sept. 16, 2024) ("Petitioner can seek relief for his claims in trial court. If he is convicted, he can file an appeal, and if he is unsuccessful on direct appeal, he can proceed under 28 U.S.C. § 2255.") (citing cases).

## CONCLUSION

Parker's motion for reconsideration, ECF No. 9, is denied.

SO ORDERED.

Dated   September _17_, 2025
         Rochester, New York

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE